IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | | |
|---|---|---|
| **Steven Parson,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **1:22cv491 (RDA/JFA)** |
| | ) | |
| **Ms. (Unknown) Palmer,** | ) | |
| **Defendant.** | ) | |

<u>MEMORANDUM and ORDER</u>

Steven Parson, a Virginia inmate proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging Defendant Palmer violated his constitutional rights and a pendant state claim based upon the same facts. [Dkt. No. 1-2 at 1]. The complaint was not screened and was served. Defendant Palmer, by counsel, has moved to dismiss the complaint. [Dkt. No. 22]. Plaintiff was advised of his rights under *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and has responded by seeking leave to amend his complaint to add an additional defendant. [Dkt. No. 29]. Defendant Palmer raises the issue of the untimeliness of the motion to amend but does not otherwise object. [Dkt. No. 31].

Plaintiff has sought leave to amend to add an additional defendant [Dkt. No. 29], and the Fourth Circuit has stated that a court should consider granting plaintiffs, particularly *pro se* plaintiffs, leave to amend if it dismisses a complaint based on Rule 12(b)(6). *See Ostrzenski v. Seigel*, 177 F.3d 245, 252-53 (4th Cir. 1999). Although Defendant Palmer has not alleged prejudice, the amended complaint submitted has several deficiencies, which include Plainitiff's failure to provide an address for service of the defendant he seeks to add.

In addition, to state a cause of action under § 1983, a plaintiff must allege facts indicating plaintiff was deprived of rights guaranteed by the Constitution or laws of the United States and

that this deprivation resulted from conduct committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). "[E]ach named defendant must have had personal knowledge of and involvement in the alleged violations of plaintiff's constitutional rights for the action to proceed against her." *See Hill v. Mickelson*, 1:10cv890, 2011 U.S. Dist. LEXIS 90601, *5 (E.D. Va. Aug. 13, 2011). In addition, "[a] private corporation cannot be held vicariously liable for the actions of its employees under 42 U.S.C. § 1983, absent a showing of an impermissible corporate policy. *See Marks v. Crawford*, 882 F. Supp. 530, 532 (E.D. Va. 1993).

> "[A] private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged deprivation of federal rights." *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999). A policy is a formal statement by the private corporation. *See Bardes v. Magera*, C.A. No. 2:08-CV-487-PMD-RSC, 2009 U.S. Dist. LEXIS 91356, 2009 WL 3163547, at *30 (D.S.C. Sept. 30, 2009) (citing *Gates v. Unified School Dist. No. 449 of Leavenworth County, Kan.*, 996 F.2d 1035, 1041 (10th Cir. 1993)).

*Arnette v. Armor Corr. Health Servs.*, No. 7:12cv519, 2013 WL 5356869, at *4 (W.D. Va. Sept. 24, 2013).

Further, because "[c]ases involving constitutional injuries allegedly traceable to an ill-considered hiring decision pose the greatest risk that a [defendant] will be held liable for an injury that it did not cause," *Bd. of County Comm's of Bryan County, Okla. v. Brown*, 520 U.S. 397, 415 (1997), the Supreme Court has required that "rigorous standards of culpability and causation … be applied to ensure that the [defendant] is not held liable solely for the actions of its employees." *Id.* at 405. Accordingly, with regard to potential liability for failure to adequately review an officer's background, "a finding of culpability … must depend on a finding that this officer was highly likely to inflict the particular injury suffered by the plaintiff. The connection between the background of the particular applicant and the specific constitutional violation must be strong." *Id.* at 412. The court "must ask whether a full review of [the employee's] record reveals that [defendant] should have concluded that [the employee's] use of excessive force would be a plainly

2

obvious consequence of the hiring decision." *Id.* The amended complaint submitted is nothing more than a conclusory assertion of liability. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

Due to plaintiff's *pro se* status, the Court will grant him leave to amend but it will not be in a piecemeal fashion. Instead, Plaintiff will be provided a form upon which he will need to list each defendant he wishes to name, the service address for the putative defendant the Plaintiff seeks to add, the specific facts he relies upon to establish each defendant's liability, and all his facts in support of each of his claims in a same single document. This amended complaint will be deemed the only complaint properly before the Court. Plaintiff is advised to consider the legal standards explored above in submitting his amended complaint.

Accordingly, it is hereby

ORDERED that defendant Palmer's motion to dismiss [Dkt. No. 22] is DENIED WITHOUT PREJUDICE; and it is further

ORDERED that plaintiff's motion to amend [Dkt. No. 29] is GRANTED in that plaintiff will be afforded the opportunity to file a proper amended complaint in which he is to particularize and amend the complaint within thirty (30) days of the date of this Order by filling out the attached § 1983 complaint form with (i) the name of each person he wishes to include as a defendant and the reasons why he believes each defendant is liable to him; and (ii) a short statement of background facts that describe the specific conduct of each defendant whom he alleges violated his constitutional rights, including the facts giving rise to his complaint against that defendant; the

3

dates of each incident and the persons involved; (iii) the facts that establish retaliation as discussed herein; and (iv) the remedies sought. Plaintiff must include his civil action number, **1:22cv491 (RDA/JFA)**, on the first page of his amended complaint, and **the amended complaint will serve as the sole complaint in this civil action**; and it is further

ORDERED that the defendant's motion to dismiss [Dkt. No. 22] is DENIED WITHOUT PREJUDICE; and it is further

ORDERED that plaintiff's failure to comply with any part of this Order within thirty (30) days from the entry of this Order, or failure to notify the Court immediately upon being transferred, released, or otherwise relocated, may result in the dismissal of this complaint pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk is directed to send a copy of this order to plaintiff and counsel of record for defendant Palmer, and to send a § 1983 complaint form to plaintiff.

Entered this _10_ day of _May_ , 2023.

Alexandria, Virginia

_/s/_

Rossie D. Alston, Jr.
United States District Judge

4