# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | |
|---|---|
| **Steven Parson,** ) | |
|     **Plaintiff,** ) | |
| ) | |
| **v.** ) | No. 1:22cv491 (RDA/JFA) |
| ) | |
| **Ms. (Unknown) Palmer,** *et al.*, ) | |
|     **Defendants.** ) | |

## MEMORANDUM OPINION

Steven Parson ("Plaintiff" or "Parson"), a Virginia inmate proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging Defendant Palmer violated his constitutional rights when Palmer, a nurse, punched him in the back of the neck without provocation on July 1, 2021 while Parson was providing floor maintenance in the medical unit; and he also asserts a pendant state tort claim based upon the same facts. [Dkt. No. 1-2 at 1]. Palmer moved to dismiss the complaint and Plaintiff sought leave to amend his complaint to add additional defendants, the owner of "T.J.'s Safety Training and Staffing, LLC," ("TJ") as well as TJ. [Dkt. No. 29]. The Court denied the motion to dismiss without prejudice, found the first amended complaint [Dkt. No. 29-1] deficient,[1] and granted Plaintiff leave to file a second amended complaint. [Dkt. No. 37]. Parson filed his second amended complaint on June 8, 2023, which

---

[1] The Court screened the complaint pursuant to 28 U.S.C. § 1915A, which provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

    (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or

    (2) seeks monetary relief from a defendant who is immune from such relief.

alleges Defendant Palmer, the unnamed owner, and TJ violated his Eighth Amendment rights. Parson also alleges Palmer's conduct constituted an assault and battery under state law. [Dkt. No. 40 at 6]. On June 22, 2023, Defendant Palmer filed an Answer, Motion to Dismiss, brief in support, and a *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notice. [Dkt. Nos. 41-44]. On July 12, 2023, Parson filed a motion for a jury trial and appointment of counsel. [Dkt. No. 45].

On September 20, 2023, Parson filed an affidavit, a motion for summary judgment, and a second motion for leave to amend (with a third amended complaint attached). [Dkt. Nos. 46, 47, 47-1, 48]. Defendant Palmer, the only served defendant, filed a response opposing leave to amend, but noted in his opposition that the third amended complaint [Dkt. No. 47-1] was "nothing more than a refiling" of the second amended complaint. [Dkt. No. 50 at 1]. Palmer asserts no prejudice, and the motion for leave to file the third amended complaint is granted. For the reasons that follow, Plaintiff's motion for summary judgment [Dkt. No. 48] will be denied, and Defendant Palmer's motion to dismiss [Dkt. No. 41] will be granted.[2]

## I. The Third Amended Complaint

Plaintiff was detained at the Virginia Department of Correction's Nottoway Correctional Center, on July 1, 2021. On that date, between 2:30 and 3:30 p.m., Plaintiff was assigned to the Medical Unit for floor maintenance and sanitation. [Dkt. No. 47-1 at 3]. Plaintiff alleges that without provocation, Defendant Nurse Tee Tee Palmer "physically assaulted Plaintiff by punching

---

[2] As noted, neither the unnamed owner or TJ have been served. In addition, the Court notes that Plaintiff has not provided the name of the owner or an address for either the unnamed owner or TJ's to perfect service. The plaintiff's failings aside, the allegations in the third amended complaint against the unnamed owner and TJ must be screened. *See* 28 U.S.C.§ 1915A. Further, pursuant to § 1915A, a court must dismiss claims based upon "'an indisputably meritless legal theory,'" or where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (citation omitted). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Sumner v. Tucker*, 9 F. Supp.2d 641, 642 (E.D. Va. 1998). The Court will, therefore, simultaneously screen the allegations against the unnamed owner and TJ under the Rule 12(b)(6) standard, which is also applicable to Defendant Palmer's motion to dismiss.

[him] in the back of the neck." [*Id.*]. Parson does not know the reason why Palmer punched him in the back of the neck. [*Id.*]. As a result of the punch, Parson needed medical attention for his neck and he had a migraine headache. He alleges that he is still suffering from migraine headaches and his spinal column pain is "getting worse." [*Id.* at 4]. Plaintiff alleges that Palmer and the unserved defendants acted under color of state law, that the assault by Palmer violated his Eighth Amendment rights, and the assault also constituted an assault and battery under state law. [*Id.* at 3, 6]. Parson alleges the use of force was unprovoked, unnecessary, and malicious. [*Id.* at 6].

## II. Standards of Review

*A. Motion to Dismiss*

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff is obligated to "provide the grounds of his entitlement to relief," including "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). A complaint may withstand a motion to dismiss if it contains plausible factual allegations that demonstrate something more than the "sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). Satisfying this obligation "requires more than labels and conclusions…[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level…on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. While evaluating a motion to dismiss, the Court assumes all facts in the complaint are true, but the Court need not accept unsupported legal allegations. *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). The Court is also not required to accept legal conclusions couched

as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Conclusory assertions are insufficient to meet the requirements of Rule 12(b)(6). *See Giarratano*, 521 F.3d at 304.

Defendant Palmer's motion to dismiss has correctly identified the fatal flaw in Parson's third amended complaint, which holds true for the unnamed owner and TJ as well—neither the third amended complaint, nor the original, first or second amended complaints, allege sufficient facts to establish the required element that Palmer or the other defendants acted under color of state law.

*B. Summary Judgment*

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed. R. Civ. P. The moving party bears the burden of proving that judgment on the pleadings is appropriate, *i.e.*, that no genuine issues of material fact are present for resolution. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The facts which a moving party bears the burden of proving are those which are material, and the facts shall be viewed, and all reasonable inferences drawn, in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 255 (1986).

Plaintiff's motion for summary judgment does not comply with either Federal Rule 56 or Local Rule 56. The motion does not contain a list of alleged undisputed facts. Parson's motion for summary judgment is, at best, conclusory. As the defendant argues, as the moving party, Parson had the burden of production, and he has not established that he is entitled to judgment as a matter of law. Indeed, Parson's own exhibits, which are part of the summary judgment record, support the defendants' motion to dismiss. The motion for summary judgment will be denied.

### III. Analysis

*A. Acting Under Color of State Law*

A person acts under color of state law "only when exercising power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'" *Polk County v. Dodson*, 454 U.S. 312, 317-18 (1981) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). "It is well established that § 1983 is not implicated by 'merely private conduct, no matter how discriminatory or wrongful.'" *Givens v. O'Quinn*, 447 F. Supp. 2d 593, 597 (W.D. Va. 2006) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). *Dang Vang v. Toyed*, 944 F.2d 476, 480 (9th Cir. 1991) ("Actions taken under color of state law must be related to the state authority conferred on the actor, even though the actions are not actually permitted by the authority."). In order to state any claim under 42 U.S.C. § 1983, a plaintiff must establish that he has (1) suffered a deprivation of "a right secured by the Constitution and laws" of the United States,[3] and (2) the act or omission causing the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he ultimate question of whether an actor was a state actor or functioning under color of law is a question of law for the court." *Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 344 n.7 (4th Cir. 2000).

To act under color of state law means to use authority derived from the state to cause the violation of constitutional rights. *Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir.

---

[3] In this civil action, the Plaintiff alleges that the right secured under the Constitution that Defendant Palmer violated was his Eighth Amendment right not to be subjected to excessive force by a prison official. To prove such a claim, he must allege the defendant acted maliciously and sadistically for the very purpose of causing him harm, rather than to preserve order and discipline within the prison. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (when evaluating such a claim, the Court considers: (1) the need for the use of force; (2) the relationship between the need for force and the amount used; (3) the extent of injury inflicted; (4) the extent of the threat the officers reasonably perceived the plaintiff to pose to staff and inmate safety; and (5) any efforts made to temper the severity of the forceful response). *Hudson*, 503 U.S. at 7.

2005); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982) (observing precedent holds "that the conduct allegedly causing the deprivation of a federal right be fairly attributable to the State."). "Indeed, where the action arises out of purely personal circumstances, courts have not found state action even where a defendant took advantage of his position as a public officer in other ways." *Rossignol v. Voorhaar*, 316 F.3d 516, 524 (4th Cir. 2003). "The color of law requirement excludes from the reach of § 1983 all 'merely private conduct, no matter how discriminatory or wrongful.'" *Id.* at 523 (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)); *see also Screws v. United States*, 325 U.S. 91, 111 (1945) ("[A]cts of officers in the ambit of their personal pursuits are plainly excluded" from § 1983 liability); *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 24 (3d Cir. 1997) ("[A] state employee who pursues purely private motives and whose interaction with the victim is unconnected with his execution of official duties does not act under color of law.").

In addition, "[p]rivate violence—even private violence engaged in by one who happens to work for the state—has different legal ramifications than violence attributable to state action." *Martinez v. Colon*, 54 F.3d 980, 985 (1st Cir. 1995) (citing *Hughes v. Halifax County Sch. Bd.*, 855 F.2d 183, 186-87 (4th Cir. 1988)). In *Hughes*, after a jury had found against two defendants, the Fourth Circuit found that the defendants, as a matter of law, had not acted under color of state law. The facts, in the light most favorable to the plaintiff, established that the plaintiff's fellow county maintenance workers staged a mock hanging, which the plaintiff alleged was done in retaliation for his participation in a grand jury inquiry of the school board. The plaintiff asserted that the actions of two defendants rose to the level of a constitutional tort and sought relief under § 1983 because "he was assaulted, battered, and subjected to intentional emotional distress under color of state law because he was accosted by county employees with retaliation in their eyes, on

county land, with a county-owned rope, during work hours." 855 F.2d at 186. Hughes affirmed the district court's entry of a judgment notwithstanding the verdict concluding that the harassment by fellow school district employees was not under color of law because the defendants did not purport to act under authority vested in them by the state. The Fourth Circuit cautioned against a broad reading of "state action" and emphasized that "if the actions of [Hughes' co-workers] amount to state action, any employee of any state who commits a tort has potentially violated § 1983. We cannot endorse such a result." *Id.*

For purposes of this motion, the Court assumes that Defendant Palmer struck the Plaintiff in the back of the neck without provocation while Palmer was working in the Medical Unit. Simply because Palmer was working in the Medical Unit, however, does not establish that Palmer acted under color of law when she struck Plaintiff. The Fourth Circuit rejected such a rule in the context of action by a police officer observing that "acts of police officers in the ambit of their personal, private pursuits fall outside of 42 U.S.C. § 1983," and that "the lack of the outward indicia suggestive of state authority—such as being on duty, wearing a uniform, or driving a patrol car—are not alone determinative of whether a police officer is acting under color of state law." *Revene v. Charles County Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989) (citations omitted). Similarly, the Second Circuit held that "there is no bright line test for distinguishing 'personal pursuits' from activities taken under color of law" and that "courts [should] look to the nature of the officer's act, not simply his duty status." *Pitchell v. Callan*, 13 F.3d 545, 548 (2d Cir. 1994) (citing *Revene*, 882 F.2d at 872). *Pitchell* held that although the police officer had shot at a guest in his home, the officer

> was not acting in accordance with a police regulation, . . . nor was he invoking the authority of the police department as in the pretense of law cases. [The officer] was an off-duty cop, who while drunk in his own home, used his own personal weapon

7

> to shoot a guest. Although [the officer] violated the law, he did so as a private citizen, not as a state actor.

*Id.* "Further, the accouterments of state authority, such as the police uniform, patrol car, badge or gun, are not dispositive." *Coles v. City of Chicago*, 361 F. Supp. 2d 740, 748 (N.D. Ill. 2005).

> [G]overnment employees who act in their official capacity or exercise their responsibilities pursuant to state law act under color of state law. *See Hill v. Barbour*, 787 F. Supp. 146, 149 (N.D. Ill. 1992). Conversely, government employees who act without the cloth of state authority do not subject themselves to liability under Section 1983. *See Hughes v. Meyer*, 880 F.2d 967, 971 [(7th Cir. 1989)].

*Coles*, 361 F. Supp. 2d at 747. Such an inquiry must evaluate whether the state actor's actions related in some way to the performance of a state duty and "involves a 'highly fact specific inquiry.'" *Id.* at 747.

Here, the conduct alleged is clearly wrongful. Other than the fact that Defendant Palmer was a contract nurse in a VDOC facility, however, there is nothing to indicate that the attack occurred while Palmer was performing an actual or apparent duty in her official capacity, *i.e.* Palmer acted under color of state law. *See Huffman v. County of Los Angeles*, 147 F.3d 1054, 1058 (9th Cir. 1998) (the actions of a government official "are under pretense of law only if they are 'in some way "related to the performance of his official duties."'"); *see, e.g.*, *Burris v. Thorpe*, 166 F. App'x 799, 800, 802-03 (6th Cir. 2006) (affirming grant of summary judgment because HIV positive police officer, "even while on duty and in uniform," did not act under color of state law when he engaged in consensual sexual intercourse with a civilian during a "citizen ride-along"). As the Fourth Circuit noted, not every state employee who commits a tort violates § 1983. *Hughes*, 855 F.2d at 187. To be sure, Parson has stated that the punch was unprovoked and that he does not know why Defendant Palmer, a contract nurse at a VDOC facility, punched him. [Dkt. No. 47-1

8

at 3].[4] Indeed, Parson states he was in the Medical Unit to perform floor maintenance duties and was instructed not to interact with Palmer. Plaintiff has not alleged sufficient facts to state a claim against Palmer, and Palmer's motion to dismiss will be granted.

*B. Unnamed Owner and TJ*

Because the third amended complaint has not been screened, the Court must determine if Parson has stated a claim against either the unnamed owner or TJ.[5] In its May 10, 2023 Memorandum Opinion and Order, the Court screened the first amended complaint, noted deficiencies, granted Plaintiff's motion to amend his complaint to add defendants in this civil action, and directed Plaintiff to file a proper amended complaint that, among other matters, included "a short statement of background facts that describe the specific conduct of each defendant whom he alleges violated his constitutional rights, including the facts giving rise to his complaint against that defendant." [Dkt. No. 37 at 3]. The Memorandum Opinion and Order expressly referenced *Atkins* and the need to allege the defendant acted under color of state law [*id.*], and further that

> "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

[*Id.*]. The Memorandum Opinion and Order further advised Plaintiff that a "private corporation is liable under § 1983 only when an official policy or custom of the corporation causes the alleged

---

[4] Parson stated in his informal complaint and regular grievance filing that he did not know "why" Palmer punched him "or what was her reason" for the assault. [Dkt. No. 1-1 at 4, 7]. Each item was attached to and incorporated in his sworn original complaint. [Dkt. No. 1 at 3]. *See also* Dkt. No. 29-1 at 3 (first amended complaint).

[5] Parson's filing of the third amended complaint has negated the need to screen the second amended complaint. However, as noted herein, the third amended complaint and the second amended complaint are in essence the same. For the reasons stated herein with regard to Defendant Palmer's motion to dismiss and the inadequacies of the third amended complaint, the second amended complaint failed to state a claim upon which relief can be granted.

deprivation of federal rights." [*Id.*] (citing *Arnette v. Armor Corr. Health Servs.*, No. 7:12cv519, 2013 WL 5356869, at *4 (W.D. Va. Sept. 24, 2013) (citing *Austin v. Paramount Parks, Inc.*, 195 F.3d 715, 728 (4th Cir. 1999)). Parson did not heed the Court's warnings on what he needed to plead not only against Defendant Palmer, but against the unnamed owner and TJ as well.

The facts of the third amended complaint are set forth herein in the light most favorable to Plaintiff. However, Plaintiff has not provided any facts regarding the acts or actions of the unnamed owner or TJ. First, regarding TJ, TJ is alleged to be a corporation and the allegations in the third amended complaint are predicated upon the alleged actions of Defendant Palmer in punching Parson's and not on any official policy or custom of TJ, the corporation. Second, because Parson does not allege a plausible claim of a predicate constitutional violation at the hands of Palmer, there is no predicate to establish liability under § 1983. *See Evans v. Chalmers*, 703 F.3d 636, 654-55 (4th Cir. 2012) (supervisors and the municipality itself cannot be liable under § 1983 in a suit for damages unless there is a predicate constitutional injury at the hands of individual officer). Likewise, there is no basis for liability against the unnamed owner. *See Anderson v. Caldwell Cnty. Sheriff's Office*, 524 F. App'x 854, 862 (4th Cir. 2013) (finding that a claim of inadequate training or supervision cannot proceed without a constitutional violation committed by an employee) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam); *Giancola v. State of W. Va. Dep't of Pub. Safety*, 830 F.2d 547, 550 (4th Cir. 1987)). For the reasons stated herein, the third amended complaint fails to state a claim against the unnamed owner or TJ, and each will be dismissed.[6]

---

[6] Further amendment would be futile in this case. *See Curtin v. Wentz*, No. 18-14417-CIV, 2019 WL 11641438, at *4 (S.D. Fla. May 16, 2019), *report and recommendation adopted*, No. 18-14417-CIV, 2019 WL 11641440 (S.D. Fla. June 3, 2019) (where third amended complaint "suffers from fundamental defects" and "those fundamental defects remain after several prior amendments" "[g]ranting leave to amend yet again would be futile") (citing *Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007) (stating the rule that leave to amend need not be given if it would not cure the pleading defect or otherwise would be futile). Plaintiff has filed three amended complaints— and each has failed to establish that the defendant acted under color of state law. Further, Plaintiff's

*C. Pendent State Law Claim*

As stated above, there is no constitutional claim before the Court. Consequently, the Court will dismiss the pendent state tort law assault claim. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)( "[I]f the federal claims are dismissed before trial, . . . the state claims should be dismissed as well."). The Fourth Circuit has echoed this sentiment, declaring "a strong preference that state law issues be left to state courts in the absence of diversity or federal question jurisdiction." *Arrington v. City of Raleigh*, 369 F. App'x 420, 423 (4th Cir. 2010); *see also Waybright v. Frederick County*, 528 F.3d 199, 209 (4th Cir. 2008) (once the federal question "is gone," there "is no good reason" to exercise supplemental jurisdiction over a state law claim). As Plaintiff has failed to state a claim, the Court declines to exercise pendent jurisdiction and the state tort claim will be dismissed.

*D. Appointment of Counsel and Jury Trial*

"A *pro se* prisoner does not have a general right to counsel in a § 1983 action." *Evans v. Kuplinski*, 713 F. App'x 167, 170 (4th Cir. 2017) (citation omitted). Further, this Court's power to appoint counsel under 28 U.S.C. § 1915(e)(1) is discretionary, and, to qualify, an indigent claimant must present "exceptional circumstances." *See id.* Exceptional circumstances exist where a "*pro se* litigant has a colorable claim but lacks the capacity to present it." *Whisenant v. Yuam*, 739 F.2d 160, 163 (4th Cir. 1984). Here, the Court has already concluded that Plaintiff has not stated a colorable claim, and the motion will be dismissed as moot. Likewise, because the third amended complaint will be dismissed, Plaintiff's motion for a jury trial will be dismissed as moot.

**IV. Conclusion**

---

allegations, that he does not know why Palmer punched him, in addition to the fact that Palmer was not tending to any medical need of Parson's, negate the possibility that Palmer acted under color of state law. As wrongful as the alleged conduct is, not every state employee who commits a tort violates § 1983. *Hughes*, 855 F.2d at 187.

11

For the foregoing reasons, Plaintiff's motion to amend [Dkt. No. 47] is granted; defendant's motion to dismiss [Dkt. No. 41] is granted; Plaintiff's motion for summary judgment [Dkt. No. 48] is denied; the claims against TJ and the unnamed owner will be dismissed, *see* 28 U.S.C. § 1915A; and the motions for a jury trial and appointment of counsel [Dkt. No. 45] will be dismissed as moot. An appropriate order will issue alongside this memorandum opinion.

Accordingly, it is hereby

**ORDERED** that defendant Palmer's motion to dismiss [Dkt. No. 41] is GRANTED; and it is

**FURTHER ORDERED** that the Plaintiff's motions for a jury trial and appointment of counsel [Dkt. No. 45] are DISMISSED as MOOT and it is

**FURTHER ORDERED** that plaintiff particularize and amend his complaint in a fourth amended complaint within thirty (30) days of the date of this Order using the enclosed standardized § 1983 complaint form with (i) the name of each person he wishes to include as a defendant and the reasons why he believes each defendant is liable to him; and (ii) a short statement of background facts that describe the specific conduct of each defendant whom he alleges violated his constitutional rights, including the facts giving rise to his complaint against that defendant; the dates of each incident and the persons involved; (iii) cure the deficiencies noted herein; (iv) reallege all of the facts contained in his third amended complaint; and (v) the remedies sought. Plaintiff must include his civil action number, **1:22cv491 (RDA/JFA)**, on the first page of his fourth amended complaint, and **the fourth amended complaint will serve as the sole complaint in this civil action**; and it is

**FURTHER ORDERED** that plaintiff's failure to comply with any part of this Order within thirty (30) days from the entry of this Order, or failure to notify the Court immediately upon

being transferred, released, or otherwise relocated, may result in the dismissal of this complaint pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk is directed to send a copy of this order to plaintiff and all counsel of record, and to send a § 1983 complaint form to plaintiff.

Entered this 11th day of December, 2023.

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge